UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD LEWIS

    Plaintiff,

v.                                                      Case No. 06-CV-15428

MT. MORRIS TOWNSHIP, et al.,

    Defendants.
                                                    /

**ORDER DENYING "PLAINTIFF'S EMERGENCY MOTION TO
ADJOURN SCHEDULING ORDER DATES AND FOR
LEAVE TO TAKE MORE THAN TEN DEPOSITIONS" AND GRANTING
"DEFENDANTS' MOTION TO QUASH PLAINTIFF'S DISCOVERY REQUESTS"**

Plaintiff seeks more discovery time and leave to take additional depositions. Defendants object and filed a motion to quash depositions that Plaintiff has scheduled to be taken beyond the now-expired discovery deadline. For the reasons set forth below, the court will enforce its scheduling order, deny Plaintiff's motion for an extension and grant Defendants' motion to quash.

The court has wide discretion in enforcement of its scheduling orders, as well as in granting extensions of discovery time. *See e.g. Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991). "A scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b). A party is generally limited to ten depositions, Federal Rule of Civil Procedure 30(a)(2)(A), but the number may be increased by stipulation or by order of the court. *Raniola v. Bratton*, 243 F.3d 610, 628 (2d Cir.

2001). Courts ordinarily require a particularized showing of necessity for each additional deposition. *See e.g. Barrow v. Greenville Ind. School Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001).

Apart from the above principles of law, the court is guided by the rules and expectations it promulgated in its scheduling order. "The court seldom extends, but may shorten, the deadlines established in this Order." (3/23/07 Sched. Order at 1.) The deadline for "completing, and not simply scheduling, discovery" was September 24, 2007. (*Id.* at 2.) The court also outlined dates and procedure for exchanging witness lists, requiring stipulation or a motion supported by a showing of good cause if either party sought to supplement its list of witnesses. (*Id.* at 2-3.)

It appears that in six months of discovery Plaintiff has managed to complete only the depositions of parties. (Pl.'s Mot. at ¶ 9.) Plaintiff's motion lacks a persuasive showing of good cause for failure to complete discovery in the allotted time. He claims his counsel, Christopher Trainor, had three other pending matters, including two cases in the Eastern District of Michigan. The docket sheets of those cases reveal that, while Mr. Trainor is indeed listed as counsel on each case, there are also non-overlapping attorneys who have filed appearances for the same party he represents in each such matter. Scheduling difficulties are a fact of practice, but so is division of labor and effective time management, particularly when the time for planning is a fairly generous half-year.

Further, Plaintiff's claim that Defendants will not be prejudiced rings hollow. While Plaintiff speculates that Defendants may also want to conduct more depositions, (*id.* at 7), nothing in Defendants' response or motion to quash evinces a mutual desire

2

to extend discovery.  In addition, Plaintiff only offers general, conclusory statements about the necessity of the depositions.  There is no particularized showing for each deposition, only a vague assertion that "[t]he witnesses' reactions, and any viewpoints toward Plaintiff that they may have adopted, go directly to the heart of several of Plaintiff's claims."  (*Id.* at 10.)  Moreover, Plaintiff failed in any meaningful way to comply with the requirement of the court's scheduling order that he file a motion supported by good cause for expanding his witness list to include what appears to be at least eight new witnesses not previously disclosed to Defendants.

Instead, Plaintiff filed an eleventh-hour "emergency" motion a few days before the close of discovery.  Then, in the absence of the court's ruling on that motion and in clear contravention of the timing and listing requirements of the scheduling order, Plaintiff noticed several depositions to occur next week.[1]  Defendants responded with a proper and persuasive motion to quash, to which the court will not require a response from Plaintiff. Accordingly,

IT IS ORDERED that "Plaintiff's Emergency Motion to Adjourn Scheduling Order Dates and For Leave to Take More than Ten Depositions" [Dkt. # 26] is DENIED.

IT IS FURTHER ORDERED that "Defendants' Motion to Quash Plaintiff's Discovery Requests" [Dkt. # 29] is GRANTED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

---

[1] It is possible, of course, that Plaintiff was merely attempting to act "super-expeditiously," so to speak, in rapidly scheduling these depositions given the expired discovery deadline. To that limited extent the court applauds him.

Dated: September 28, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2007, by electronic and/or ordinary mail.

                                           S/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522

C:\Documents and Settings\teets\Local Settings\Temp\notes6030C8\06-15428.LEWIS.DenyPlsMotiontoAdjournGrantDefsMotiontoQuash.2.wpd

4