# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TODD LEWIS

    Plaintiff,

v.                                                     Case No. 06-CV-15428

MT. MORRIS TOWNSHIP, et al.,

    Defendants.

                                                          /

## OPINION AND ORDER GRANTING "DEFENDANTS' MOTION TO COMPEL DISCOVERY"

Pending before the court is Defendants Mt. Morris Township, et al.'s "Motion to Compel Discovery," filed on October 18, 2007. The court conducted a telephone conference on the same date, during which Plaintiff Todd Lewis stated on the record his response in opposition to the motion. The matter is fully presented to the court and a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). The court will, for the reasons stated below, grant Defendants' motion.

On August 24, 2007, Defendants served Plaintiff with a set of interrogatories and requests for production of documents. (Interrogatory, Def.'s Mot at Ex. A.) Defendants' inquiry included:

    1. Background information pursuant to Federal Rule of Civil Procedure 26 for each person listed individually or by category on Plaintiff's First Witness List,

    2. Records not already produced "which pertain[] to Interrogatory #1 above,

      3.  Files and other records from any "mental or emotional care provider from whom Plaintiff has received professional services during the past 20 years . . . and description which documents supports, refutes, or otherwise pertains to Plaintiff's claim(s) for liability, proximate causation, and/or damages made in this case,

      4.  A request paralleling #3 but with respect to "every provider of alcohol rehabilitation services" for Plaintiff,

      5.  A request paralleling #3 but with respect to "addiction treatment services" for Plaintiff,

      6.  With respect to each Count[1] in the complaint, a copy of every document or other record that "supports, refutes, or otherwise pertains to Plaintiff's claim(s) for liability, proximate causation, and/or damages made in Plaintiff's Complaint (and any amendments)" and

      7.  A request to complete, sign and return attached general authorization for release of information forms for individuals and entities associated with #3-6.

(*See generally id.*).

Plaintiff's response was due on September 21, 2007, under Federal Rule of Civil Procedure 33 and 34.  (Defs.' Mot. at 7.)   Defendants allege -- and Plaintiff's counsel acknowledged on the record -- that Plaintiff did not respond, even after Defendants sent letters of reminder dated September 25 and October 12, 2007.  (*Id.* at 7, Exs. B, C.)  Indeed, Defendants argued on the record that the information sought was apparently in Plaintiff's hands at his deposition and that he declined to surrender it because his attorney had not yet had the chance to review it.  Plaintiff's counsel did not appear to contest that argument on the record.  Defendant argues that the information is needed in order to adequately question Plaintiff at trial and, as to his claims of impairment of a

---

[1]The court recognizes that certain Counts have been dismissed.  For purposes of the case as it now stands, the parties shall assume that #6 only concerns currently pending Counts.

major life activity, at his continued deposition. Defendants argue -- and Plaintiff does not contend to the contrary -- that the sought information is relevant and argue that they will be unfairly prejudiced if it is not produced because it is "necessary to the presentation of an adequate defense." (*Id.* at ¶¶ 5-6.)

Plaintiff's counsel intimated that the records may already be in Defendants' hands, and, as noted above, did not argue that the records are irrelevant or otherwise unnecessary. Rather, Plaintiff argued solely that the time period for discovery has passed and therefore the motion to compel is untimely, and that he would "rest with that."

On the merits, Plaintiff's timeliness argument fails. The relevant time proceeds from the date on which Defendants made their discovery requests, not the date when Defendants filed a motion to compel. Were it otherwise, then any litigant could engage in all manner of discovery nonfeasance, only to declare "too late!" when a motion seeking relief is filed after the close of discovery.

Nor does the court see any significant relationship between Defendants' motion and Plaintiff's earlier request to extend discovery. Upon review of that motion, however, the court recalls that Plaintiff sought *new and additional* discovery, initiating his request *after* the close of discovery. (*See* Pl.'s 9/21/07 "Motion to Adjourn Scheduling Dates and for Leave to Take More than Ten Depositions, Dkt. # 26; 9/28/07 Order Denying the Motion, Dkt. # 30.) Defendants, on the other hand, sought the instant information *before* the close of discovery; only its request for enforcement of those existing and duly-noticed discovery requests came after the deadline fell. Under the circumstances,

major life activity, at his continued deposition. Defendants argue -- and Plaintiff does not contend to the contrary -- that the sought information is relevant and argue that they will be unfairly prejudiced if it is not produced because it is "necessary to the presentation of an adequate defense." (*Id.* at ¶¶ 5-6.)

Plaintiff's counsel intimated that the records may already be in Defendants' hands, and, as noted above, did not argue that the records are irrelevant or otherwise unnecessary. Rather, Plaintiff argued solely that the time period for discovery has passed and therefore the motion to compel is untimely, and that he would "rest with that."

On the merits, Plaintiff's timeliness argument fails. The relevant time proceeds from the date on which Defendants made their discovery requests, not the date when Defendants filed a motion to compel. Were it otherwise, then any litigant could engage in all manner of discovery nonfeasance, only to declare "too late!" when a motion seeking relief is filed after the close of discovery.

Nor does the court see any significant relationship between Defendants' motion and Plaintiff's earlier request to extend discovery. Upon review of that motion, however, the court recalls that Plaintiff sought *new and additional* discovery, initiating his request *after* the close of discovery. (*See* Pl.'s 9/21/07 "Motion to Adjourn Scheduling Dates and for Leave to Take More than Ten Depositions, Dkt. # 26; 9/28/07 Order Denying the Motion, Dkt. # 30.) Defendants, on the other hand, sought the instant information *before* the close of discovery; only its request for enforcement of those existing and duly-noticed discovery requests came after the deadline fell. Under the circumstances,

major life activity, at his continued deposition. Defendants argue -- and Plaintiff does not contend to the contrary -- that the sought information is relevant and argue that they will be unfairly prejudiced if it is not produced because it is "necessary to the presentation of an adequate defense." (*Id.* at ¶¶ 5-6.)

Plaintiff's counsel intimated that the records may already be in Defendants' hands, and, as noted above, did not argue that the records are irrelevant or otherwise unnecessary. Rather, Plaintiff argued solely that the time period for discovery has passed and therefore the motion to compel is untimely, and that he would "rest with that."

On the merits, Plaintiff's timeliness argument fails. The relevant time proceeds from the date on which Defendants made their discovery requests, not the date when Defendants filed a motion to compel. Were it otherwise, then any litigant could engage in all manner of discovery nonfeasance, only to declare "too late!" when a motion seeking relief is filed after the close of discovery.

Nor does the court see any significant relationship between Defendants' motion and Plaintiff's earlier request to extend discovery. Upon review of that motion, however, the court recalls that Plaintiff sought *new and additional* discovery, initiating his request *after* the close of discovery. (*See* Pl.'s 9/21/07 "Motion to Adjourn Scheduling Dates and for Leave to Take More than Ten Depositions, Dkt. # 26; 9/28/07 Order Denying the Motion, Dkt. # 30.) Defendants, on the other hand, sought the instant information *before* the close of discovery; only its request for enforcement of those existing and duly-noticed discovery requests came after the deadline fell. Under the circumstances,

the court views the circumstances of the two requests as sufficiently distinct to fairly permit different treatment.[2]

Having reviewed the record before it, the court finds that Defendants' discovery requests were duly served and that Plaintiff has failed to respond. There is no assertion that the information sought is not discoverable. The absence of that information (or of a certification that such information is not available) will prejudice Defendants. Relief under Federal Rule of Civil Procedure 37 is therefore appropriate. Plaintiff shall respond and the factual record for purposes of dispositive motions will be closed. Accordingly,

IT IS ORDERED that "Defendants' Motion to Compel Discovery" [Dkt. # 33] is GRANTED with the exception that in ##3, 4 and 5, the reference to records and information "during the past 20 years" shall be amended to "the past 10 years."

IT IS FURTHER ORDERED that Plaintiff shall, by **October 24, 2007**, respond to Defendants' August 24, 2007 discovery requests by either (1) providing the information, records and other matters or (2) certifying that the same are unavailable or do not exist.[3]

---

[2]Plaintiff expressed a perceived unfairness in the court's unwillingness to previously expand discovery at Plaintiff's behest while now considering, as Plaintiff characterized it, an extension of discovery and deadlines for Defendants. Plaintiff's counsel on the record emphatically stated that he thought he had been held to a higher standard in equivalent discovery circumstances, and that what was sauce for the goose should be sauce for the gander. The court, of course, agrees just as emphatically with the principle of equality and even-handedness that Plaintiff's counsel was asserting, and as a consequence has examined the record for any indication of inequality or similar misunderstanding. The court has found nothing that would appear to support counsel's assertion.

[3]The court strongly encourages the parties to settle upon an agreed date for Plaintiff's continued deposition that follows that deadline by not more than 48 hours, *i.e.* October 26.

IT IS FURTHER ORDERED that the deadline for dispositive motions is EXTENDED until **October 31, 2007**.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: October 19, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 19, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522