**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TODD LEWIS

        Plaintiff,

v.                                                                 Case No. 06-CV-15428

MT. MORRIS TOWNSHIP, et al.,

        Defendants.

                                /

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Todd Lewis, a former police officer for Defendant Mount Morris Township

("Mt. Morris"), brings several claims against Mt. Morris arising out of the termination of

his employment. As set forth below, Plaintiff also sues Defendants Albert Ashley and

Dennis Van Alstine in their individual and official capacities. Pending before the court is

Defendants' motion for summary judgment. The court held a hearing on January 16,

2008. The court will, for the reasons stated below, grant Defendants' motion.

**I. BACKGROUND**

The court adopts and incorporates by reference its statement of undisputed

background facts in its October 15, 2007 opinion and order. Importantly, those facts

were presented in the context of a motion for partial dismissal under Federal Rule of

Civil Procedure 12, and the court therefore assumed the truth of the allegations in

Plaintiff's original complaint. (10/15/07 Order at 2 n.2.) Defendants' instant motion

arises under Rule 56, which, pursuant to the case authority cited below, calls for an

examination of the complete record for the existence of material questions of fact.

Where necessary, the court will go beyond the pleadings and reference in its analysis the relevant record materials.

Plaintiff, a former Mt. Morris police officer, challenges the termination of his employment and the alleged violation of certain rights under the constitution and state law. The court's previous order and the parties' stipulation dismissed a number of his claims, and the following counts remain:

1. Failure to Accommodate and Wrongful Discharge Under Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA") (Count I),

2. Retaliation for Engaging in Protected Activity Under the ADA (Count II),

3. Violation of Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws §§ 37.1101, *et seq.* ("PWDCRA") (Count III),

4. Violation of Family and Medical Leave Act, 29 U.S.C. § 2615, *et seq.* ("FMLA") (Count IV),

5. Breach of Contract (Count VIII),

6. Invasion of Privacy (Count IX),

7. Warrantless Entry in Violation of Fourth Amendment, 42 U.S.C. § 1983 (Count XI - only against Defendant Van Alstine) and

8. State Law Trespass (Count XIII).

Counts I-IV apply only to Defendant Mt. Morris; Count XI applies only to Defendant Van Alstine; and Counts VIII-IX apply to all Defendants (Mt. Morris, Ashley and Van Alstine). The court will address each count in turn.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary

judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable

jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## III.  DISCUSSION

### A.  Failure to Accommodate and Wrongful Discharge Under the ADA

To state a claim under the ADA, Plaintiff must establish that (1) he has a disability, (2) he is otherwise qualified to perform his job requirements with or without accommodation and (3) he was discharged solely because of his disability. *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996). The court has already upheld the validity of Plaintiff's Last Chance Agreement ("L.C.A.") and, assuming the truth of his complaint, found that "he was terminated pursuant to the last chance agreement for alcohol related issues." (10/15/07 Order at 13.) The court has thus already decided the key issue with respect to Plaintiff's ADA claims: that there is no question of material fact that he was terminated for violating the L.C.A., not because of his disability.

The Sixth Circuit applied the same rule in *Marrari v. WCI Steel, Inc.*, 130 F.3d 1180 (6th Cir. 1997). "Only if the L.C.A. is invalid can the plaintiff prevail, because it is clear that WCI discharged him for violating the agreement, not for being an alcoholic." *Id.* at 1182. The Sixth Circuit applied "traditional contract principles" to uphold the

4

L.C.A. and held that the plaintiff's ADA claims were properly dismissed.  *Id.* at 1183-85.

The court stressed that the district court properly distinguished between the plaintiff's

alcoholic condition and his behavior that violated the terms of the L.C.A.  Similarly, the

L.C.A. in this case set forth specific terms that Plaintiff violated and that converted his

employment status to at-will.  The record presents no question of fact concerning the

cause of Plaintiff's termination: his violation of the L.C.A.  Plaintiff therefore cannot

establish the third element of a *prima facie* claim under the ADA.  The Sixth Circuit has

rejected exempting alcoholics from reasonable rules of conduct.  *Id.* at 1183.  While it

may be that alcoholism caused Plaintiff to violate the L.C.A., the court must conclude as

a matter of law that there can be no question of fact that he was terminated for the

misconduct of violating the L.C.A., not for being an alcoholic.[1]

    With respect to retaliation, Plaintiff must show that (1) he engaged in a protected

activity, (2) Defendant knew he was engaged in a protected activity, (3) Defendant

thereafter took adverse employment action against Plaintiff and (4) there is a causal link

between the protected activity and the adverse employment action.  *Canitia v. Yellow*

*Freight Sys., Inc.*, 903 F.2d 1064, 1066 (6th Cir. 1990).  For the reasons stated above,

the record presents no question of material fact concerning the cause of Plaintiff's

termination.  Further, the record fails to create a question of material fact that Plaintiff

---

[1]The court further observes that the lack of a question of material fact concerning Plaintiff's violation of the L.C.A. also requires a finding that, even with the accommodation of the L.C.A., he is not otherwise qualified to perform his duties as a police officer.  As the court previously explained, the complaint read in its entirety and in the light most favorable to Plaintiff compels the conclusion that his "reason for calling in sick was alcohol consumption," (10/15/07 Order at 14 n.9).  Being sober and ready for work is a basic and fundamental job duty for any police officer.  He thus also cannot establish the second element of an ADA failure to accommodate claim.

was even engaged in a protected activity. Plaintiff argues that his protected activity was his request for leave from work to treat his alcoholism and that Defendant Mt. Morris dismissed him in retaliation for his leave request. The record before the court evinces that Plaintiff only made a verbal request to a fellow officer to relay to a supervisor Plaintiff's request for a leave of absence. (Pl.'s Dep. at 56, Pl.'s Ex. A.) Plaintiff made this request when he called in sick at 5:00 a.m. on the morning of March 5, 2006. (*Id.*) He reiterated his verbal request to Defendant Van Alstine after Plaintiff was roused awake later that day. (*Id.* at 63.) Plaintiff wrote a letter dated March 5, 2006 to Defendant Ashley requesting leave, but Plaintiff did not deliver the letter until March 27, 2006, along with a packet of other material that he submitted at his disciplinary hearing. (*Id.* at 67-70.) Plaintiff averred that he did not want to deliver the letter on March 5 because he did want to drive drunk to his place of employment. (*Id.* at 67.)

Viewed in the light most favorable to Plaintiff, the record shows that he did not make a meaningful request for leave until after he was caught violating the L.C.A. A request, while in the course of calling in sick due to alcohol consumption, to relay a leave request to a supervisor is not a direct request for leave. Nor is a verbal request made after it was clear that he would face discipline for violating the last chance agreement. Finally, a back-dated letter delivered at a disciplinary hearing creates no question of material fact concerning whether Plaintiff engaged in protected activity. Under the circumstances, Plaintiff's meager efforts fall short of creating a question of material fact and, in any event, ultimately fail under the fourth element as well. Defendant Mt. Morris is entitled to summary judgment for Counts I-II.

## B. Violation of PWDCRA

6

"Michigan handicap and employment discrimination law essentially tracks federal law. Generally, resolution of the federal claims will also resolve Plaintiff's MHCRA claims." *Cassidy v. Detroit Edison Co.,* 138 F.3d 629, 634 (6th Cir. 1998). The plaintiff bears the burden of proving a violation of the PWDCRA. "To prove a discrimination claim under the [PWDCRA], the plaintiff must show (1) that he is [disabled] as defined in the act, (2) that the [disability] is unrelated to his ability to perform his job duties, and (3) that he has been discriminated against in one of the ways delineated in the statute." *Chmielewski*, *supra* at 602, 580 N.W.2d 817. Pursuant to the analysis above, there is no question of material fact concerning Plaintiff's inability to bear his burden on the second and third elements. Summary judgment for Defendant Mt. Morris for Count III is therefore appropriate.

### 3. Violation of FMLA

For the reasons stated above concerning Plaintiff's failed claim for retaliation under the ADA, Plaintiff's FMLA claim also fails. The record fails to establish that Plaintiff ever made a proper request for medical leave. *See Cavin v. Honda of Am. Mfg.*, 346 F.3d 713, 719 (6th Cir. 2003); *see also* 29 U.S.C. § 2612(e)(1). Assuming Plaintiff's request for leave was not foreseeable, the usual 30-day notice period would not apply and Plaintiff would instead be required to provide notice "as soon as practicable." 29 C.F.R. § 825.302(a).

> "As soon as practicable" means as soon as both possible and practicable, taking into account all of the facts and circumstances in the individual case. For foreseeable leave where it is not possible to give as much as 30 days notice, "as soon as practicable" ordinarily would mean at least verbal notification to the employer within one or two business days of when the need for leave becomes known to the employee.

29 C.F.R. § 825.302(b).  The record in this case, as described above, reflects that

Plaintiff only made his request after it was clear that he would be facing discipline and

possible termination for violating the L.C.A.  Indeed, Plaintiff averred that, on the eve of

his relapse, he contacted a hospital and his cousin to voice concern about wanting to

drink.  (Pl.'s Dep. at 58, Defs.' Ex. A.)  At this late juncture, it cannot be disputed that

Plaintiff suspected the possibility of a relapse, yet he did not request FMLA leave until

after his relapse occurred.  Under the circumstances, more timely notice would have

been practicable.  Viewed in the light most favorable to Plaintiff, the record fails to

present a question of fact concerning his FMLA claim.  Summary judgment is proper for

Count IV.

### 4.  Breach of Contract

For the reasons stated in the court's October 15, 2007 opinion and order,

Plaintiff's claims for breach of contract are unsustainable.  The court will grant summary

judgment to all Defendants for Count VIII.

### 5.  Invasion of Privacy

Plaintiff's claim for invasion of privacy depends upon the following elements: (1)

the existence of a private and secret subject matter, (2) Plaintiff's right to keep that

subject matter private and (3) the obtaining of information about that subject matter

through some method objectionable to a reasonable man.  *Lewis v. LeGrow*, 670

N.W.2d 675 (Mich. Ct. App. 2003).  Plaintiff's claim must fail as a matter of law.  His

relapse, as a general matter, may be a private affair, but where it impacts enforceable

terms of the L.C.A. it cannot be a secret.  Plaintiff's privacy ends where the reach of the

L.C.A. begins.  As the court explained in its previous order, Plaintiff's inability to report

to work due to alcohol consumption "falls squarely within the province of the last chance agreement." (10/15/07 Order at 14.) There is thus no question of fact concerning the first two elements of Plaintiff's claim of invasion of privacy. The court need not reach the third element. Accordingly, summary judgment for Defendants for Count IX is appropriate.

### 6. Warrantless Entry in Violation of the Fourth Amendment

This claim remains against only Defendant Van Alstine, who entered Plaintiff's home without a warrant after consulting with Defendant Ashley (who in turn consulted with an attorney); he achieved a non-forced entry with assistance of Plaintiff's landlord. Van Alstine argues that (1) exigent circumstances justified the search and (2) governmental immunity should apply because it was not clearly established whether the facts of this case fall under the exception for exigent circumstances. (Def.'s Br. at 23-28.) Van Alstine cites deposition testimony stating that he and others were concerned for the welfare of Plaintiff because of (1) suspicion of Plaintiff's relapse and (2) a lack of contact with or responsiveness from Plaintiff, who had already called in sick several times. Van Alstine highlights that Plaintiff's "pattern of calling in sick, history of family problems, comments he made that he no longer cared about discipline at work [and] the fact that he neither answered his phone nor responded to knocks at the door, all raised serious concerns regarding [Plaintiff's] welfare." (Defs.' Br. at 28.)

To state a claim under 42 U.S.C. § 1983, Plaintiff must demonstrate (1) a deprivation of a right secured by the Constitution or laws of the United States (2) that is caused by a person acting under color of state law. *Ziegler v. Aukerman*, __ F.3d __, No. 06-2618 (6th Cir. Jan. 14, 2008). Plaintiff's claim must fail because he raises no

genuine question of material fact with respect to the first element. Plaintiffs' complaint

focuses upon Van Alstine's entry into the home. Such an entry is the "chief evil" against

which the Fourth Amendment protects. *Thacker v. City of Columbus*, 328 F.3d 244, 252

(6th Cir. 2003) (quoting *Payton v. New York*, 445 U.S. 573, 585 (1980)). A warrantless

search, as happened in this case, is presumptively unreasonable unless the

government proves otherwise. *United States v. Ogbuh*, 982 F.2d 1000, 1003 (6th Cir.

1993).

Van Alstine claims exigent circumstances, a well-recognized exception to the

warrant requirement of the Fourth Amendment. Warrantless searches are permitted if

the exigencies of the situation "make the needs of law enforcement so compelling that a

warrantless search is objectively reasonable under the Fourth Amendment." *Brigham

City v. Stuart*, 126 S. Ct. 1943, 1947 (2006) (citations and quotations omitted). Courts

recognize the risk of danger to the police or others as grounds for exigent

circumstances, including, for example, fighting fires or to continue a hot pursuit of a

suspect. *Id.* (citations omitted). Further, "law enforcement officers may enter a home

without a warrant to render emergency assistance to an injured occupant or to protect

an occupant from imminent injury." *Id.* (citations omitted). The court may decide

exigent circumstances as a matter of law:

> Although the determination of exigent circumstances is normally a
> question for the jury, "in a case where the underlying facts are essentially
> undisputed, and where a finder of fact could reach but one conclusion as
> to the existence of exigent circumstances, the issue may be decided by
> the trial court as a matter of law."

*Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002)[2] (quoting *Hancock v.*

*Dodson*, 958 F.2d 1367, 1375 (6th Cir. 1992)[3]).  The underlying facts in this case are

not in dispute, and the court concludes that a rational finder of fact would inevitably find

the existence of exigent circumstances.

Because the standard of reasonableness is objective, "[a]n action is 'reasonable'

under the Fourth Amendment, regardless of the individual officer's state of mind, 'as

long as the circumstances, viewed *objectively*, justify [the] action."  *Id.* at 1948 (quoting

*Scott v. United States*, 436 U.S. 128, 138 (1978) (emphasis added)).  The officer's

subjective motivation is irrelevant.  *Id.* (citations omitted).[4]  In this case, accordingly, it

does not matter whether Van Alstine entered to check on Plaintiff's condition or, as

---

[2]In *Ewolski*, officers had credible information that (1) the decedent was a mentally disturbed man who was volatile, dangerous and not taking his medicine, (2) he threateningly brandished a shotgun in front of home healthcare personnel, (3) he told his brother the night before that his guns were loaded and ready, (4) he kept his son home from school that day and (5) his wife, who was in his care, asked unexpectedly to be placed in a nursing home that morning.  287 F.3d at 502.

[3]*Hancock* involved a finding of exigent circumstances as a matter of law where police received a call concerning a suicidal and possibly homicidal gunman, reports of shots fired and at least one radio communication stating that the gunmen threatened to shoot any responding police officers.  958 F.2d at 1375.  In another case, the Sixth Circuit found exigent circumstances as a matter of law where police responded to a call that a drunken man was screaming and fired shots in his home, even though they later learned that he was alone and merely screaming into his telephone.  *Dickerson v. McClellan*, 101 F.3d 1151 (6th Cir. 1996).

[4]The point of law is amplified in case law concerning probable cause, which, like the law of exigent circumstances, also falls under the general requirement of reasonableness under the Fourth Amendment.  "If the circumstances, viewed objectively, support a finding of probable cause, the arresting officer's actual motives are irrelevant.  A valid arrest based upon then-existing probable cause is not vitiated if the suspect is later found innocent."  *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988) (citations omitted).

11

Plaintiff argues, to enforce the last chance agreement. The inquiry must instead focus upon whether a reasonable officer, standing in Van Alstine's position and knowing what he knew, would have concluded that exigent circumstances justified his decision to enter Plaintiff's home without a warrant. *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 999-1000 (6th Cir. 1994). According to the Sixth Circuit:

> The right [the plaintiff] alleges to have been violated was clearly established: the right of persons to be protected from a warrantless search of their house unless exigent circumstances require immediate police action. Thus, the relevant question before us is whether an objectively reasonable officer would have believed that exigent circumstances existed to justify the warrantless search in light of clearly established law and in light of the information possessed by the defendants.

*Id.* at 999 (citing *Anderson v. Creighton,* 483 U.S. 635, 641 (1987)).

Viewed in the light most favorable to Plaintiff, there is no question of fact that Van Alstine had a reasonable basis to conclude that Plaintiff's physical welfare was in jeopardy. He was aware of Plaintiff's earlier difficulties with alcoholism and there were, Van Alstine believed, telltale indicia of a substantial relapse: unsuccessful attempts to contact Plaintiff, Plaintiff's pattern of recent absence from work, several empty liquor bottles on Plaintiff's property, Plaintiff's van parked outside the house and Plaintiff's failure to respond to knocks at the door. (Van Alstine Dep. at 25-28, Def.'s Ex. G; Lewis Dep. at 120, Def.'s Ex. A.; Ashley Dep. at 41-44, Def.'s Ex. H.) While none of these considerations is necessary or sufficient, taken together they would have provided a reasonable officer grounds to believe that Plaintiff could be in danger. In particular, the several empty liquor bottles suggested that Plaintiff undertook a dangerous alcohol binge that lead to severe intoxication, rendering him unable to communicate or respond

12

to telephone calls or knocks at the door, and that, in the absence of timely medical attention, might threaten his life. Van Alstine has "point[ed] to specific and articulable facts which, taken together with other rational inferences from those facts, reasonably warrant [an] intrusion." *United States v. Morgan*, 743 F.2d 1158, 1163 (6th Cir. 1984) (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). A rational jury could not "say that no reasonable officer, objectively assessing the situation, could conclude that there were exigent circumstances excusing the requirement that a warrant be obtained." *O'Brien*, 23 F.3d at 1000.

The Sixth Circuit has recognized the danger of alcohol poisoning as a basis for a finding of exigent circumstances due to medical emergency. *Hardesty v. Hamburg Twp.*, 461 F.3d 646 (6th Cir. 2006). Officers responding to a report of minors consuming alcohol could see through a window that an unresponsive person was lying on the couch. *Id.* at 656. Loud knocking and bright flashlights shining in his face failed to rouse him. *Id.* One possible explanation was, of course, that the individual was simply in a very deep sleep. However, "[g]iven the known dangers of excessive alcohol consumption . . . under these circumstances the officers could have reasonably believed that the individual on the couch was suffering from alcohol poisoning. That reasonable belief was a sufficient basis for entering the Hardesty residence without a warrant or consent." *Id.* The circumstantial evidence in this case was at least equally compelling. Hours earlier, Plaintiff had called the Police Department, saying that he was"sick" and was apparently still in his home. Additional indicia of relapse, as detailed above, were also present, including empty liquor bottles near the door to his residence. He did not respond to efforts to contact or otherwise rouse him. A reasonable officer

13

would have detected the threat of alcohol poisoning and its attendant medical emergency.

The court also sees several important factual similarities in *Winchester v. Cosaineau*, 404 F. Supp. 2d 1262 (D. Colo. 2005), where the district court found that exigent circumstances were present based upon (1) reports of a possible suicide or drug overdose giving officers "reasonable grounds to believe . . . that someone in the residence might be in need of immediate medical aid and possibly even dying," (2) the failure of anyone inside to respond to police knocking on the door or to dispatch, which telephoned the residence, (3) the belief of all officers present that "situations involving overdoses and/or suicides may be dangerous" and (4) the need to protect fire officers who decided to enter the home. *Id.* at 1264, 1268. In this case, Van Alstine also had to weigh what to do given Plaintiff's unresponsiveness and the reasonable belief that he had a dangerous relapse of his alcoholism. While protecting fire officers is not a relevant consideration in this case, it was not a dispositive fact in *Winchester* either. The import of Winchester is that exigent circumstances can properly originate in the kind of medical uncertainty that arises with evidence of substantial substance abuse.

At the hearing, Plaintiff argued that, had there been truly exigent circumstances, Van Alstine would have immediately broken a door or a window and that in such a circumstance Plaintiff would concede that Van Alstine acted reasonably. Relatedly, Plaintiff argued that the absence of a forced entry inevitably equals the *absence* of exigent circumstances. The court is not persuaded by this all-or-nothing proposition. Plaintiff presents no authority stating that exigent circumstances require, exclusively, the most immediate and direct response from police. Surely police have a range of options

14

depending upon the circumstances. In *Winchester*, for instance, the police officers also attempted to locate a building manager and took the time to consult with a commanding officer. 404 F. Supp. 2d at 1264-65; *see also State v. Russell*, 713 N.E.2d 56 (Ohio App. 1998) (holding that officers' actions were reasonable when they attempted for as long as twenty minutes to rouse a response before forcibly entering a residence whose occupant's mother called police with concerns about his welfare due to a lack of recent contact). Because the case law requires an evaluation of the totality of the circumstances, the court must note that Van Alstine did not know Plaintiff's exact condition. Had Van Alstine faced circumstances in which the medical threat was obvious and imminent, then rapid forced entry might have been a reasonable, even the most reasonable, response. The undisputed facts of this case, however, placed Van Alstine in a position from which he did not *know* Plaintiff's condition. Van Alstine knew instead of the indicia of Plaintiff's relapse and recent unresponsiveness, which gave rise to a concern for Plaintiff's well-being. Van Alstine's measured approach of contacting his commander, attempting to ascertain what was happening and locating someone with keys to the residence is not necessarily indicative of a lack of exigent circumstances.

In addition, Plaintiff's arguments concerning Van Alstine's failure to call for medical help once inside miss the point, for the relevant moment of decision was before Van Alstine entered the house. Post-entry developments could have had no impact on the determination of exigent circumstances. *See Criss*, 867 F.2d at 262 (stating that eventual innocence has no bearing upon existence of probable cause before arrest). Further, the fact that Van Alstine decided, after investigating, that Plaintiff did not need

15

immediate medical attention says nothing about what a reasonable officer could have believed about Plaintiff's welfare before investigation.  *Id.*  The court will grant summary judgment for Van Alstine for Count XI.

### 7.  Trespass

For the reasons stated in the court's previous order, Plaintiff has alleged, and the record bears, insufficient involvement by Defendant Ashley in the alleged trespass and therefore summary judgment is appropriate with respect to Ashley.  With respect to Defendant Mt. Morris, Michigan's governmental immunity statute provides for only a few narrowly construed exceptions that on their face do not apply.  *See* Mich. Comp. Laws § 691.1402 *et seq*; *Pohutski v. City of Allen Park*, 641 N.W. 2d 219 (2002).

Defendant Van Alstine is entitled to immunity unless there is a question of fact concerning whether his gross negligence was the proximate cause of Plaintiff's harm.  Mich. Comp. Laws § 691.1407(2).  Gross negligence is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."  *Id.*  There is no question of fact that Plaintiff cannot meet this high requirement.  A factfinder could not reasonably conclude that Van Alstine acted so recklessly as to have a substantial lack of concern for Plaintiff's person or property.  Indeed, Van Alstine took care to secure unforced entry to Plaintiff's home, refraining from causing unnecessary property damage.  Nor is there evidence that would tend to support a finding that Van Alstine tried to injure Plaintiff's person or psyche.  Viewed in the light most favorable to Plaintiff, the record evinces no question of material fact that Van Alstine is entitled to governmental immunity for Plaintiff's claim of trespass.

## IV. CONCLUSION

IT IS ORDERED that Defendants' "Motion for Summary Judgment" [Dkt. # 37] is

GRANTED.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  January 28, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 28, 2008, by electronic and/or ordinary mail.

          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522